UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |  | |
|---|---|---|---|
| PERCY JAMES TUCKER, | ) | | |
| | ) | | |
| Petitioner, | ) | Civil Action No. 5:20-cv-454-GFVT | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| WARDEN FRANCISCO QUINTANA, | ) | **MEMORANDUM OPINION** | |
| | ) | **& ORDER** | |
| Respondent. | ) | | |
| | ) | | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Percy James Tucker is a federal prisoner currently confined at the Federal Medical Center ("FMC")-Lexington located in Lexington, Kentucky.  Proceeding without an attorney, Mr. Tucker has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [R. 1.]  Mr. Tucker has neither paid the $5.00 filing fee, nor has he filed a motion for leave to proceed *in forma pauperis*.  While this reason alone would justify dismissing this matter without prejudice, the Court will proceed with conducting the initial screening required by 28 U.S.C. § 2243.  *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

In his § 2241 petition, Mr. Tucker makes various allegations regarding the prison conditions at FMC-Lexington, claiming that they are inadequate in light of the ongoing COVID-19 pandemic.  [R. 1.]  Mr. Tucker claims that the Warden refuses to grant or review inmate requests for release to home confinement under the CARES Act and/or the First Step Act,

rejecting all inmates if they have not completed 50% of their term of incarceration, which he alleges violates the Eighth Amendment. *Id.* at 4. He further states that the conditions of the prison—including lack of soap or cleaning supplies and inadequate social distancing measures—violate the Eighth Amendment. *Id.* at 5. He also states that he needs eye surgery for glaucoma, but the Warden has not responded to his administrative remedy requests. *Id.* He claims to suffer from psychological detriments due to COVID-19 and his fear of blindness, loss of life, or organ damage if he is infected, as well as a fear of blindness if he does not receive surgery. *Id.* As relief, he seeks "lawful consideration for early home confinement and/or compassionate release under terms of the CARES Act or First Step Act, and removal of the 50% time served barrier artificially imposed." R. 1 at 8.

However, Mr. Tucker has already filed a similar § 2241 habeas petition in this Court, which was denied without prejudice, with instructions to Tucker that the appropriate way to seek compassionate release to home detention "is through a motion made pursuant to 18 U.S.C. § 3582(c), not a 28 U.S.C. § 2241 habeas petition," and that "a motion for modification of an imposed term of imprisonment…should be filed with the trial court that sentenced Tucker, not this Court." *See Tucker v. Quinttane*, 5:20-cv-210-KKC (E.D. Ky.) at R. 5, p. 2–3. Thus, to the extent that Mr. Tucker continues to seek release to home confinement in his § 2241 petition filed in this case, his petition will be denied for the same reasons as before—his claims are not proper in a habeas petition filed pursuant to 28 U.S.C. § 2241. Rather, Mr. Tucker's request for compassionate release to home confinement should be made in a motion for modification of a sentence filed pursuant to 18 U.S.C. § 3582(c) in the Court that sentenced Mr. Tucker. *See* 18 U.S.C. § 3582(c) (providing the limited circumstances under which the court that imposed a sentence may modify that sentence). *See also Wilson v. Williams*, 961 F.3d 829, 844 (6th Cir.

2020) ("[A]lthough the [Bureau of Prisons] has the ability to recommend compassionate release, only the sentencing court is authorized to reduce a term of imprisonment."). In fact, a review of the docket in Mr. Tucker's criminal case shows that he is currently pursuing a motion for compassionate release in the Court that sentenced him and that he is being represented by counsel in these efforts. *See United States v. Tucker*, No. 2:09-cr-00182-AWA-DEM-1 (E.D. Va.) at R. 583. To the extent that Mr. Tucker wishes to seek a modification of his sentence, he may continue to pursue this claim in the court that sentenced him.

To the extent that Mr. Tucker claims that the Warden's alleged refusal to consider compassionate release to home confinement for prisoners who have served less than 50% of their sentence violates the Eighth Amendment, that the prison conditions at FMC-Lexington are inadequate, and that the Warden has failed to respond to Tucker's requests for eye surgery for his glaucoma, these are claims regarding the conditions of his confinement and are also improper in a § 2241 petition. Section 2241 is typically a vehicle for challenges to the way a prisoner's sentence is being calculated, such as computing sentence credits or determining parole eligibility, not to the specific conditions of an inmate's confinement at a particular facility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (describing different types of § 2241 challenges). Thus, while "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [civil rights] action." *Muhammed v. Close*, 540 U.S. 749, 750 (2004).

A federal prisoner may not use a § 2241 habeas petition to pursue civil rights claims challenging the conditions of his confinement; he can only assert such claims by filing suit under 28 U.S.C. § 1331 pursuant to the doctrine announced in *Bivens v. Six Unknown Federal*

*Narcotics Agents*, 403 U.S. 388 (1971); *see also Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ("[Section] 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits."). In these circumstances, the Sixth Circuit Court of Appeals has clearly instructed that a "district court should dismiss the § 2241 claim without prejudice so the . . . petitioner could re-file as a [civil rights] claim." *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (citing *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)). Should Tucker wish to pursue his claims in a civil rights action, he may obtain the appropriate forms from the Clerk of the Court.

For all of these reasons, the Court will deny Mr. Tucker's § 2241 petition without prejudice to Mr. Tucker's right to assert his claims related to the conditions of his confinement in a civil rights proceeding and/or his right to pursue a motion for a modification of his sentence pursuant to 18 U.S.C. § 3582 in the Court that sentenced him.

Accordingly, it is hereby **ORDERED** as follows:

1. Mr. Tucker's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 **[R. 1]** is **DENIED WITHOUT PREJUDICE**;

2. The Court will enter a judgment contemporaneously with this order; and

3. This matter is **DISMISSED** and **STRICKEN** from the docket.

This the 20th day of November, 2020.

Gregory F. Van Tatenhove
United States District Judge